[Cite as *State v. Williams*, 2011-Ohio-3290.]

IN THE COURT OF APPEALS OF MIAMI COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee           :    C.A. CASE NO. 10CA28

vs.                              :    T.C. CASE NO. 10CR68

BOBBY A. WILLIAMS               :     (Criminal Appeal from
                                       Common Pleas Court)
    Defendant-Appellant          :

. . . . . . . . .

## O P I N I O N

Rendered on the 30th day of June, 2011.

. . . . . . . . .

James Bennett, Prosecutor, 201 West Main Street, Troy, OH 45373
    Attorney for Plaintiff-Appellee

Stephanie A. Gunter. Atty. Reg. No.0070436, 429 N. Main Street,
Piqua, OH 45356
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} On March 10, 2010, M.S. was standing on the back patio of her home in Piqua, Ohio, smoking a cigarette, when Defendant Bobby Williams walked up and asked M.S. to come over to him. When M.S. approached Defendant, he extended his hand and introduced himself as her neighbor. When M.S. shook Defendant's hand, he

grabbed her and forcibly restrained her while touching her breast underneath her shirt.

{¶ 2} Defendant was indicted on one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a felony of the fourth degree. Defendant was found guilty following a jury trial. The trial court sentenced Defendant to eighteen months in prison and classified him as a Tier I sexual offender.

{¶ 3} Defendant appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an *Anders* brief, *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493, stating that she could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.

{¶ 4} Defendant's appellate counsel has identified two possible issues for appeal, the first of which raises an issue concerning the validity of Defendant's sentence.

{¶ 5} In *State v. Jeffrey Barker*, Montgomery App. No. 22779, 2009-Ohio-3511, at ¶36-37, we wrote:

{¶ 6} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is

not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶37.

{¶ 7} "When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id.*"

{¶ 8} The transcript of the sentencing hearing demonstrates that the trial court considered the purposes and principles of felony sentencing, R.C. 2929.11, and the seriousness and recidivism factors, R.C. 2929.12, in imposing its sentence. The court also considered oral statements of counsel and Defendant. The eighteen month sentence the court imposed on the gross sexual imposition

charge, while the maximum sentence, is nevertheless within the authorized range of available punishments for a felony of the fourth degree, which is six to eighteen months. R.C. 2929.14(A)(4). The court also informed Defendant about post release control requirements and the consequences for violating post release control. Defendant's sentence is not clearly and convincingly contrary to law. *Kalish*.

{¶ 9} Furthermore, the court's eighteen month sentence is not an abuse of discretion because the record supports that sentence. Defendant touched the victim's breast underneath her clothing while forcibly restraining her. As a result, the victim suffered psychological harm. When he committed this offense, Defendant had been released from prison on parole for only three months after serving thirty one years for murder. That circumstance demonstrates a high likelihood for recidivism. Finally, Defendant denied any culpability and expressed no remorse. We see no abuse of discretion in imposing the maximum eighteen month sentence. This assignment of error lacks arguable merit.

{¶ 10} Appellate counsel additionally raises as a possible issue for appeal trial counsel's performance.

{¶ 11} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in

addition, prejudice arose from counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. *Id.*, *State v. Bradley* (1989), 42 Ohio St.3d 136.

{¶ 12} Appellate counsel does not identify any instances of deficient performance by trial counsel. To the contrary, appellate counsel states that in reviewing this record she can find no evidence of trial counsel rendering ineffective assistance. Our independent review of the record has likewise not turned up any instances of deficient performance by trial counsel, much less resulting prejudice as defined by *Strickland*. This assignment of error lacks arguable merit.

{¶ 13} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.

FROELICH, J. And HALL, J., concur.

Copies mailed to:

James Bennett, Esq.
Stephanie A. Gunter, Esq.
Bobby Williams
Hon. Robert J. Lindeman